[Cite as *State v. Hendricks*, 2022-Ohio-4413.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-34 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-0038 |
| | : | |
| RYAN K. HENDRICKS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, P.O. Box 574, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Ryan K. Hendricks appeals from his conviction following a guilty plea to fifth-degree-felony charges of theft and obstructing justice.

**{¶ 2}** Hendricks' appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. We concur in counsel's assessment. Accordingly, the trial court's judgment will be affirmed.

## I. Background

**{¶ 3}** A grand jury indicted Hendricks on charges of theft, obstructing justice, receiving stolen property, and falsification. The charges were fifth-degree felonies except for falsification, which was a first-degree misdemeanor. Hendricks agreed to plead guilty to theft and obstructing justice in exchange for dismissal of the other charges and the State's recommendation of community-control sanctions.

**{¶ 4}** At the conclusion of a Crim.R. 11(C) hearing, the trial court accepted Hendricks' plea and made a finding of guilt. He subsequently appeared for sentencing following the preparation of a presentence investigation report. Consistent with the State's recommendation, the trial court imposed five years of community control. As part of that sanction, it ordered Hendricks to serve a 180-day jail sentence. No fine was imposed. Thereafter, on November 9, 2022, the trial court terminated Hendricks' community control and probationary status with a "successful" notation. The Greene County jail's website reflects that he no longer is an inmate.

## II. Analysis

{¶ 5} Under *Anders*, we must conduct an independent review to determine whether Hendricks' appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 6} Appointed appellate counsel concludes that Hendricks' guilty plea was entered knowingly, intelligently, and voluntarily in compliance with Crim.R. 11(C). Counsel also notes that the trial court's sentence was within the authorized range and was not contrary to law. Counsel points out that the trial court considered the statutory seriousness and recidivism factors and other criteria that guide felony sentencing. Although counsel questions the necessity of a 180-day jail term as part of the community-control sanction, counsel acknowledged that it was permissible.

{¶ 7} Upon review, we agree with counsel's assessment that none of the foregoing issues possess arguable merit. The trial court fully complied with Crim.R. 11(C) when accepting Hendricks' guilty plea, and we see no non-frivolous issue with regard to the validity of his convictions. We also agree with counsel's assessment that a challenge to the imposition of community-control with a 180-day jail term would be frivolous. We see

no arguably meritorious issue regarding the sentencing. But even if a sentencing error did exist, it would be rendered moot by the trial court's recent termination of community control and discharge of Hendricks from any further obligations.

{¶ 8} Finally, in satisfaction of our obligation under *Anders*, we independently have examined the entire record and have found no other non-frivolous issues for appeal. In particular, we have considered the possibility that the trial court actually required Hendricks to serve more than 180 days in jail as part of his community-control sanction. During the June 1, 2022 sentencing hearing, the trial court advised him that he was entitled to 32 days of jail-time credit. *See* Disposition Tr. at 10. It proceeded to explain that his 180-day jail sentence was "prospective," meaning that he would be required to serve 180 days in addition to his jail-time credit. *Id.* at 12. In effect, then, the trial court orally imposed a jail term of 212 days at the sentencing hearing.

{¶ 9} We have held that a trial court cannot impose more than 180 days in jail as part of a community-control sanction. *State v. Poulter*, 2d Dist. Montgomery No. 28492, 2020-Ohio-396, ¶ 4. We nevertheless find no non-frivolous issue here for two reasons. First, notwithstanding the trial court's statement at sentencing, its June 1, 2022 judgment entry correctly appears to have imposed a 180-day jail term with 32 days of jail-time credit. Second, even if the trial court did require Hendricks to serve too much time in jail, there is no available remedy. He has been released from confinement, and his community control has been terminated. Therefore, any issue regarding the length of his jail term is moot.

### III. Conclusion

{¶ 10} Having found no non-frivolous issues for appellate review, we affirm the judgment of the Greene County Common Pleas Court. Appointed appellate counsel's request for permission to withdraw from further representation is granted.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Megan A. Hammond
Lucas W. Wilder
Ryan K. Hendricks
Hon. Adolfo A. Tornichio